IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 2:24-cr-764 |
| v. | |
| | **PLEA AGREEMENT** |
| **IBRAHIM FATHY SHEDID** | |

### General Provisions

This PLEA AGREEMENT is made this 26th day of September 2024 between the United States of America, as represented by United States Attorney ADAIR F. BOROUGHS, Assistant United States Attorney Amy F. Bower; the Defendant, **IBRAHIM FATHY SHEDID**, and Defendant's attorney, Paul Thurmond.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count 1 of the Information now pending, which charges "Conspiracy to Traffic Counterfeit Goods," a violation of Title 18, U.S.C. § 371.

   In order to sustain its burden of proof, the Government is required to prove the following:

   ### Count One

   A. The Defendant agreed to do something which federal law prohibits; here, the trafficking of counterfeit pharmaceuticals;

   B. The Defendant knew of the conspiracy and willfully joined the conspiracy; and

   C. At some time during the existence of the conspiracy, in the District of South Carolina, one of the members of the conspiracy performed the overt acts charged in the Information to accomplish the object and purpose of the agreement.

   The penalty for this offense is:

Up to five years in prison, a fine of $250,000.00, up to three years supervised release, and special assessment of $100.



2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m), and 2259(b)(2).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A. Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which she/he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing, or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

    B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his/her scheme or pattern of criminal activity,

2

I.S

pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. The Defendant understands that the Court may consider uncharged conduct as relevant conduct pursuant to §1B1.3 of the United States Sentencing Commission Guidelines.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his/her plea of guilty to the offense(s) enumerated herein.



**Merger and Other Provisions**

5. The Defendant represents to the Court that she/he has met with his/her attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his/her attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his/her attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his/her own behalf, or to remain silent and have no adverse inferences drawn from his/her silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

6. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This

Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

7. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

8. The parties hereby agree that this Plea Agreement, together with any written provisions disclosed during the Rule 11 plea hearing in accordance with Fed. R. Crim. P. 11(c)(2), contain the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction in this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void



| | |
|---|---|
| 9-24-24<br>Date | _____<br>IBRAHIM FATHY SHEDID<br>DEFENDANT |
| 9.24.24<br>Date | _____<br>PAUL THURMOND<br>ATTORNEY FOR THE DEFENDANT |
| | ADAIR F. BOROUGHS<br>UNITED STATES ATTORNEY |
| _____<br>Date | **AMY BOWER** Digitally signed by AMY BOWER<br>Date: 2024.09.26 16:14:53 -04'00'<br>_____<br>AMY F. BOWER<br>ASSISTANT UNITED STATES ATTORNEY |

I-S

ATTACHMENT A

1) FPF 2024160100002301: (Search Warrant of Big Boss Puff Stuff)
   a. 001- US Currency ($1,526.00)
   b. 002- Misc Documents
   c. 003- Scale
   d. 004- Man King- 40,000 each
   e. 005- Royal Honey- Black (Sachets)- 39 each
   f. 006- Royal Honey- Gold (Sachets)- 9 each
   g. 007- Royal Honey- Gold (Pouches)- 9 each
   h. 008- Viagra- 720 each (24 bottles)
   i. 009- V12- 6 each
   j. 010- Dell laptop with charger
   k. 011- Black iPhone S/N: FFXKQS45N72J
   l. 012- Gray iPhone S/N: G6TZQAGVN70G

2) FPF 2024160100002201: (Seizure of 19 UPS Boxes)
   a. Counterfeit Viagra- 282,030 pills (9401 Bottles)

3) FPF 2024160100002601: (Seizure of 1 UPS Box)
   a. Counterfeit Viagra- 15120 pills (504 Bottles)

4) FPF 2024160100005201:  (1 Ibrahim Shedid cellphone)

5) FPF 2024160100003801: (Search Warrant of Storage Unit)
   a. Counterfeit Viagra- 8190 pills (273 bottles)
   b. V12- 3,864 each
   c. Black Ant King- 20, 620 each
   d. Tiger King (pills)- 7,510 each
   e. Tiger King (cream)- 585 each
   f. Man King- 40 each
   g. Miscellaneous bag of pills- 1.4kgs

6) FPF 2024160100003901- (Search Warrant at A2Z Warehouse)
   a. 002- LG cell phone S/N: LGE LM-Q730
   b. 003- Dell Inspiron 3670 Desktop S/N: EA84A66B
   c. 004- Portable storage devices
      i. Sandisk (S/N: 24B8E174)
      ii. Blue SD (S/N: BE820E13)
      iii. PNY (S/N: SE31EEF9)
   d. 005- Miscellaneous Documents

Attachment A

    e. Counterfeit Sports Clothing
        i. NFL Headgear- 17 each
        ii. NBA Headgear- 39 each
        iii. NFL Socks- 711 pair

    f. Seized products set forth in chart:

| Product Seized | Rep Sample | Bulk | Total |
| --- | --- | --- | --- |
| Royal Honey VIP | 12 | 22608 | 22620 |
| Rhino 500K African | 12 | 936 | 948 |
| Rhino 69 | 12 | 1572 | 1584 |
| Magnumm XXL 24K Gold | 24 | 3840 | 3864 |
| Black Bull Extreme | 15 | 10305 | 10320 |
| Killer Bee | 24 | 1128 | 1152 |
| Pink Pussycat (gummy) | 24 | 480 | 504 |
| Rhino 69 (gummy) | 24 | 216 | 240 |
| Honey 14K | 12 | 84 | 96 |
| Rhino Platinum 800K | 1 | 492 | 493 |
| Pink Pussycat Passionfruit | 60 | 37440 | 37500 |
| New White Samurai X | 24 | 4512 | 4536 |
| Red Bull Honey | 15 | 5580 | 5595 |
| Goold Lion Chocolate | 24 | 6240 | 6264 |
| Fantasy Aphrodisiac Chocolate- Black | 24 | 13128 | 13152 |
| Pink Pussycat Chocolate | 24 | 6432 | 6456 |
| MV9 Platinum | 24 | 3240 | 3264 |
| Leopard Miracle of Honey | 12 | 1440 | 1452 |

Attachment A

| | | | |
|---|---|---|---|
| Fuel for Passion | 12 | 144 | 156 |
| Poseidon | 12 | 264 | 276 |
| Poseidon | 12 | 144 | 156 |
| Magnum XXL 24K | 24 | 1680 | 1704 |
| Red Devil | 24 | 1704 | 1728 |
| Max Fuel | 12 | 900 | 912 |
| Fantasy Aphrodisiac Chocolate-Purple | 24 | 984 | 1008 |
| Honey 9000K | 12 | 1164 | 1176 |
| Pink Pussycat/Gold Lion Combo | 48 | 3024 | 3072 |
| Kitty Kat | 15 | 915 | 930 |
| Bangkok | 24 | 4248 | 4272 |
| Pink Kitty | 24 | 3216 | 3240 |
| King Lion | 24 | 6180 | 6204 |
| Blue Bull Honey | 15 | 3585 | 3600 |
| Blue 6K | 24 | 1560 | 1584 |
| Royal Honey VIP liquid | 12 | 1080 | 1092 |
| MV7 Extreme | 24 | 4056 | 4080 |
| Rhino R7000 | 24 | 1416 | 1440 |
| Magnum XXL 500K | 24 | 1632 | 1656 |
| Etumax Royal Honey | 12 | 84 | 96 |
| 24K | 12 | 3312 | 3324 |
| Climax- Blue | 24 | 1800 | 1824 |
| Magnum XXL 98000 | 24 | 3336 | 3360 |
| Magnum XXL 100K | 24 | 408 | 432 |
| Gold Lion (gummy) | 24 | 216 | 240 |
| Love | 24 | 2136 | 2160 |
| Rhino Platinum 25K | 12 | 300 | 312 |
| Rhino 7 Platinum 400K | 12 | 120 | 132 |
| Pink Pussypop | 12 | 252 | 264 |

3

Attachment A

| Gold Lion (gummy) | 24 | 1584 | 1608 |
|---|---|---|---|
| SWAG | 24 | 3264 | 3288 |
| Stiff Roxxx | 12 | 324 | 336 |
| Stiff Roxxx Gold | 12 | 276 | 288 |
| 10K | 12 | 888 | 900 |
| Stiff Rox | 24 | 984 | 1008 |
| Hard Steel | 12 | 10176 | 10188 |
| Rhino 69 Honey | 15 | 210 | 225 |
| Climax- Pink | 24 | 1416 | 1440 |
| Libigrow | 24 | 1200 | 1224 |
| MV9 Gold | 24 | 1920 | 1944 |
| MV7 Platinum | 24 | 2208 | 2232 |
| MV7 Black | 24 | 1872 | 1896 |
| Kangaroo | 24 | 576 | 600 |
| Seductive Kiss | 24 | 3528 | 3552 |
| Xcaliber | 24 | 1584 | 1608 |
| Zues Plus | 24 | 2088 | 2112 |
| Niagra | 24 | 4344 | 4368 |
| Pink Pussycat | 12 | 120 | 132 |
| Liquid Titanium | 12 | 96 | 108 |
| Rhino 69 Platinum 100K | 12 | 180 | 192 |
| Rhino 69 Platinum 250K | 12 | 432 | 444 |
| Immoral 69 | 24 | 1008 | 1032 |
| Hard Steel Honey | 5 | 895 | 900 |
| Blue Bull | 12 | 708 | 720 |
| Red Bull | 12 | 180 | 192 |
| Honeygizer | 24 | 120 | 144 |
| Samurai X Honey 6800 | 20 | 1060 | 1080 |
| Leopard Miracle of Honey | 12 | 708 | 720 |
| 14K Gold | 12 | 1044 | 1056 |
| SWAG Honey | 12 | 2724 | 2736 |
| Rollies Premium Honey | 12 | 2700 | 2712 |

4

Attachment A

| | | | |
|---|---|---|---|
| Wicked Hard | 12 | 2136 | 2148 |
| Sativa stud Honey | 12 | 240 | 252 |
| Queen Bee Bumbleberries | 24 | 696 | 720 |
| Stiff Rox Honey | 12 | 840 | 852 |
| Epimedyumlu Macun | 2 | 31 | 33 |
| Stiff Rox | 12 | 276 | 288 |
| Liquid Gold Very Berry | 12 | 324 | 336 |
| Royal Honey | 12 | 11316 | 11328 |
| WAP Watermelon Honey | 24 | 12192 | 12216 |
| Rhino 69 100K | 12 | 96 | 108 |
| Helms Honey | 0 | 96 | 96 |
| Get Rhino 500K Platinum | 0 | 9 | 9 |
| Royal Honey | 0 | 17 | 17 |

5